IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVIANTE HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2132 |
| B.C.D.C. and OFC MELVIN, | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Aviante Harris, currently incarcerated at the Maryland Correctional Training Center in Hagerstown, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983 against the Baltimore County Detention Center ("BCDC") and Officer Melvin. ECF No. 1.  Plaintiff claims that on July 5, 2020, while he was incarcerated at BCDC, Officer Melvin physically assaulted him "with no good cause." *Id.* at 3, 5.  He seeks monetary damages totaling over $1.5 million.  *Id.* at 4.

On November 10, 2020, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.  ECF No. 8.  Plaintiff was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to Defendants' Motion could result in dismissal of the Complaint.  ECF No. 9.  Plaintiff filed nothing further.

A hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons explained below, the Court will grant Defendants' Motion.

**Background**

Plaintiff claims that at approximately 9:59 p.m. on July 5, 2020, Officer Melvin grabbed him and slammed him to the ground after he asked a shift sergeant to explain why he was being placed in segregation for receiving a medical procedure. Complaint, ECF No. 1 at 3. Officer Melvin then forcefully handcuffed Plaintiff's hands behind his back and struck him with a closed fist punch to his lower right ribs. *Id.* at 5. Plaintiff alleges that he was placed on close medical watch following the incident and has suffered physical and mental health issues as a result. *Id.*

Plaintiff claims that he filed a grievance regarding his claims but did not receive a response. *Id.* at 3.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citation omitted). But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council*

*of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted). A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Because Plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the Court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citations omitted).

**Analysis**

**I.     BCDC**

As a preliminary matter, BCDC is not a "person" subject to suit under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under

color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person. Because BCDC is not a person within the meaning of the statute, Plaintiff's claims against it cannot stand.

## II.     Failure to Exhaust

Plaintiff claims that Officer Melvin used excessive force against him, in violation of the Eighth Amendment. Because Plaintiff was a pretrial detainee at the time of the incident giving rise to this case, his claims are analyzed under the Fourteenth Amendment. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992). "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F. Supp. 3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

Defendants raise the affirmative defense that Plaintiff has failed to exhaust his administrative remedies before filing suit. ECF No. 8-1 at 6-7. Specifically, they state that Plaintiff filed a grievance on July 21, 2020, which was after he filed the instant Complaint, dated July 17, 2020, and received on July 20, 2020. *Id.* If Plaintiff's claims have not been properly

presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.

The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. __, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286

5

F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).  But, the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

At BCDC, there is an Inmate Grievance Procedure that is available to all inmates.  *See* Inmate Complaint Form, ECF No. 8-2.[1]  Here, it appears that Plaintiff was aware of the procedure as he filed a grievance regarding the claim raised here.  *Id.*  However, he filed the grievance after he initiated this suit.

As discussed above, the PLRA requires that inmates exhaust all available remedies properly.  Although the grievance process was available to Plaintiff, he did not pursue it prior to filing suit.  Accordingly, Plaintiff's claims shall be dismissed, without prejudice.

## Conclusion

Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is granted.[2]  A separate Order follows.


_____1/12/2021_____          _____/s/_____
Date                                    RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE

---

[1] For the reasons outlined earlier, the Court may consider the grievance submitted by Defendants, without converting their Motion into a motion for summary judgment.  This is because Plaintiff references the grievance in his Complaint and did not dispute its authenticity.  *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (stating that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed") (citations omitted).

[2] In light of this ruling, the Court need not address Defendants' remaining argument invoking qualified immunity.